# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Timothy Staples, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Hunter Warfield, Inc., a Maryland corporation, | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Timothy Staples, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant conducts business here.

## PARTIES

3. Plaintiff, Timothy Staples ("Staples"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed for an apartment rental.

4. Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer

debts. Defendant Hunter operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant Hunter was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Hunter is not authorized to conduct business in the State of Alabama.

## FACTUAL ALLEGATIONS

6. During 2015, Mr. Staples co-signed an apartment lease for his step-daughter, Amy Arora, which ran from March 13, 2015 to March 12, 2016. A copy of the lease is attached as Exhibit A. Toward the end of the lease term, the landlord and Amy Arora renewed the lease for an additional six months. Mr. Staples did not sign or cosign the lease renewal. A copy of the lease renewal is attached as Exhibit B.

7. All charges due to the landlord under the original lease were paid in full. Thus, Mr. Staples owed nothing to the landlord.

8. At some point during the period of the lease renewal, Amy Arora allegedly defaulted. The landlord hired Hunter to collect the allegedly past-due charges. Despite Mr. Staples' lack of involvement with the lease renewal, Hunter demanded payment from him for the charges Amy Arora allegedly owed.

9. Hunter sent Mr. Staples a form collection later, dated March 17, 2017, which demanded payment of the allegedly defaulted debt. A copy of this letter is attached as Exhibit C.

10. Hunter proceeded to call Mr. Staples' home and cell phone numerous times. Hunter made calls on March 24, 2017, March 27, 2017, March 29, 2017, March

30, 2017, April 17, 2017, April 19, 2017, April 24, 2017, April 28, 2017, and May 9, 2017.  Some days, Hunter called Mr. Staples' home several times.  On at least nine occasions, Hunter left a voicemail message: "We have an important message from the office of Hunter Warfield. This is a call from a debt collector.  Please call 813-283-4664."  Mr. Staples' wife told Hunter to stop calling their home phone.  Eventually, Mr. Staples had Hunter's number blocked.

11.     Mr. Staples eventually obtained "validation" of the debt from Hunter.  The "validation" documents included the original lease and lease renewal.  The lease renewal that Hunter had access to clearly listed Amy Arora and her landlord as the only parties to the lease renewal.

12.     After obtaining these "validation" documents, Mr. Staples called Hunter on May 9, 2017.  During the phone call, he told Jack Davis of Hunter that he was not involved with the 6-month lease renewal.  Hunter hung up.

13.     Hunter sent Mr. Staples a second letter dated September 5, 2017.  In this letter, Hunter stated that Mr. Staples was "obligated to pay" the debt.  It further stated that "[t]he basis of the obligation [was] the contract [he] signed]".  Attached to the letter was the lease renewal lacking Mr. Staples' signature.  A copy of the letter is attached as Exhibit D.

14.     Hunter's violations of the FDCPA were material because Defendant's continued collection communications to Mr. Staples (a) made him believe that he might be liable for the debt; and (b) caused stress and confusion as to whether Mr. Staples was required to pay someone else's debt.

15.     All of Hunter's collection actions at issue in this matter occurred within one

year of the date of this Complaint.

16. Hunter's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation of § 1692e of the FDCPA --
## Attempting to Collect a Debt Not Owed by Plaintiff

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19. Hunter demanded payment of a debt Mr. Staples did not owe. Hunter continued to demand payment even after being explicitly told that Mr. Staples did not owe the debt. Moreover, Hunter falsely claimed that Mr. Staples signed the "contract" (Exhibit D) when, in fact, Mr. Staples did not sign the lease renewal (Exhibit B). Because Hunter made these false representations regarding the debt, it violated of § 1692e of the FDCPA.

20. Hunter's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation of § 1692d(5) of the FDCPA --
## Harassment

21. Plaintiff adopts and realleges ¶¶ 1-16.

4

22. Section 1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d(5) prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number." see, 15 U.S.C. § 1692d(5).

23. Hunter, by continually calling and contacting Mr. Staples' home and cell phones to collect a debt he did not owe, and by calling after being told to stop calling, violated § 1692d(5) of the FDCPA.

24. Hunter's violations of § 1692d(5) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation of § 1692f of the FDCPA –
### Unfair and Unconscionable Collection Actions

25. Plaintiff adopts and realleges ¶¶ 1-16.

26. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

27. Hunter knew, or at least should have known, that Mr. Staples did not owe the debt. Hunter demanded payment anyway, continually called and contacted Mr. Staples' home and cell phones on a debt Mr. Staples did not owe, and continued to call after being told to stop calling. In addition, Hunter falsely claimed that Mr. Staples signed the "contract" (Exhibit D). Therefore, Hunter used unfair and unconscionable collection actions in violation of § 1692d(5) of the FDCPA.

28. Hunter's violation of § 1692f of the FDCPA renders it liable for actual and

5

statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Timothy Staples, prays that this Court:

1. Find that Defendant's form collection letters violates the FDCPA;

2. Enter judgment in favor of Plaintiff Staples, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Timothy Staples,   demands trial by jury.

Timothy Staples,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

By: /s/ Ronald C. Sykstus
One of Plaintiff's Attorneys

Dated:  February 14, 2018

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com